**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1464**

MAUREEN E. GAGE,

       Plaintiff - Appellant,

    v.

CORT BUSINESS SERVICES, a/k/a Cort Furniture Rental,

       Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge. (8:08-cv-03463-PJM)

Submitted: January 26, 2011     Decided: February 11, 2011

Before WILKINSON, GREGORY, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Anne Sampson Gbenjo, THE GBENJO LAW GROUP, Houston, Texas, for Appellant. Joseph A. Ciucci, DUANE MORRIS, LLP, Atlanta, Georgia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maureen E. Gage appeals the district court's judgment denying her motions to alter or amend and reconsider its judgment granting summary judgment to the Appellee, Cort Business Services ("Cort"), in her Title VII discrimination and retaliation suit. We affirm.

Gage raised claims in the district court that Cort violated her rights by failing to accommodate her disability, creating a hostile work environment, discriminating against her because of her age and race, and retaliating against her. She has confined her appeal only to the issue of retaliation. Accordingly, she has abandoned appellate review of her remaining claims.

This court reviews de novo a district court's order granting summary judgment and views the facts in the light most favorable to the nonmoving party. Rowzie v. Allstate Ins. Co., 556 F.3d 165, 167 (4th Cir. 2009). Summary judgment is appropriate when no genuine issue of material fact exists and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Summary judgment will be granted unless "a reasonable jury could return a verdict for the nonmoving party" on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Absent direct evidence of intentional discrimination, Title VII claims are analyzed under the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 793 (1973).  In order to state a prima facie claim of discrimination, a plaintiff in a retaliation case must show that:  (i) she engaged in a protected activity; (ii) her employer took an adverse action against her; and (iii) there is a causal connection between the protected activity and the adverse action.  Ziskie v. Mineta, 547 F.3d 220, 229 (4th Cir. 2008).  To satisfy the second element, a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which . . . means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination."  Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006).  If the plaintiff makes a prima facie showing, the burden shifts to the employer to articulate a legitimate, non-retaliatory reason for the adverse action.  Baquir v. Principi, 434 F.3d 733, 747 (4th Cir. 2006).  If the employer makes such a showing, the burden returns to the plaintiff to establish that this reason is a pretext for discrimination.  Id.

The parties agree that Cort terminated Gage, and her termination constitutes an adverse employment action within the meaning of Title VII.  Moreover, Gage clearly engaged in

3

protected activity by making complaints to Cort human resources officials that her supervisors were engaged in what she felt to be harassment related to her injuries following a series of car accidents. We have reviewed the record, however, and we conclude that Gage has not drawn a causal link between the protected activities and the adverse action. There was a significant lapse in time between when Gage made her complaints and when she was terminated, Cort has proffered a valid, non-discriminatory rationale for her termination, and it is at least arguable whether the Cort employees who made the decision to terminate Gage were aware that she had engaged in protected activity. In light of this record, we conclude that Gage has not carried her burden to establish a prima facie case.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4